### KITTLES v. WILLIAMS.

1. PRESUMPTION—JUDGMENT—DEFENSE.—The legal presumption is that he is the owner of a judgment in whose favor it was obtained, and that he is not, is a matter of defense.
2. TITLE—CLOUD ON.—EQUITY will interfere to remove a cloud on a title by sale under judgment in those cases in which the judgment does not show on its face that it is ineffectual to confer a valid title.
3. APPEAL.—Questions on which Court below was not requested to rule, and on which it did not rule, are not properly before this Court.

Before BENET, J., Hampton, October, 1901.    Affirmed.

Action by H. R. Kittles against J. S. Williams and J. P. Williams & Co.    From order overruling demurrer, defendant, J. S. Williams, appeals.

*Messrs. W. S. Tillinghast* and *Leroy F. Youmans,* for appellant, cite: *Allegations of complaint do not make such cloud as equity will remove:* 3 Pom. Eq. Jur., sec. 1399; McM. Eq., 345; 4 S. C., 369; 32 S. C., 503; 41 S. C., 517; 28 S. C., 540; 2 McC. Ch., 23.    *Question of title is one of law and not equity:* 6 Ency., 1 ed., 710; 14 Rich. Eq., 155. *Court will not enjoin enforcement of void judgment:* 15 Cal., 133; 6 Ency., 157; 3 Barb., 481; 2 N. Y., 123; 9 Paige, 389.

*Messrs. E. F. Warren* and *A. M. Boozer,* contra, cite: *Equity may set aside deed acquired at judicial sale:* 2 Story Eq. Jur., secs. 699-700; 2 DeS. Eq., 431.

June 12, 1902.    The opinion of the Court was delivered by

MR. JUSTICE GARY. As the appeal herein is from an order overruling a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, it will be necessary to refer to the complaint, which is as follows:

"The complaint of the above named plaintiff respectfully shows to this Court:

"I. That at the time herein mentioned, J. S. Williams and C. L. Chesnut were and still are partners in trade as J. P. Williams & Co.

"II. That on or about the 22d day of October, 1887, J. P. Williams & Co. in a foreclosure suit obtained a judgment in the Court of Common Pleas against this plaintiff, which amongst other things required the sheriff of Hampton County, S. C., to sell to the highest bidder for cash on the first Monday of December, 1887, the following described real estate in Hampton County, S. C., to wit: * * * for the purpose of satisfying a certain mortgage covering said tract of land, executed and delivered by this plaintiff to the said J. P. Williams & Co.

"III. That on the 12th day of January, 1888, this plaintiff fully satisfied and paid to the said J. P. Williams & Co. the judgment aforesaid, and on the 15th day of March, 1888, this plaintiff paid to the attorney of record all costs attached to said judgment.

"IV. That on the 5th day of August, 1901, the sheriff of Hampton County sold at public outcry at Hampton C. H., S. C., under said judgment of foreclosure, the property hereinbefore described belonging to this plaintiff, to the defendant, J. S. Williams, and executed and delivered to him a deed of said premises, and the said J. S. Williams now holds said deed.

"V. That at said sale, and before any bid was offered, this plaintiff gave public notce that the judgment aforesaid had been fully paid and satisfied, and that purchasers could not get a good deed to said premises so offered for sale.

"VI. That the deed executed by the said sheriff of Hamp-

ton County to the said J. S. Williams, under and by virtue of said judgment, on the 5th day of August, 1901, conveying the premises aforesaid belonging to this plaintiff, is a cloud over the same, and will operate as a menace to this plaintiff's possession and title.

"Wherefore, plaintiff demands judgment: That the judgment in case of J. P. Williams & Co., plaintiffs, against H. R. Kittles, be declared satisfied and cancelled of record. That the deed of the premises mentioned and described herein be declared void and the same be delivered up and ordered cancelled. For the costs of this action, and for such further relief as may be just."

The grounds upon which the appellant demurred to the complaint were as follows:

"I. There is no allegation therein that at the time of the alleged payment of the decree, J. P. Williams & Co. were the legal owners of the decree.

"II. There is no allegation that the decree was cancelled of record when the land was sold and bought by this defendant.

"III. There is no allegation that this defendant had notice of the alleged payment before the land was sold and purchased by him.

"IV. The allegation of 'cloud over title and menace to possession,' under the other allegations of the complaint, do not state a case for equitable relief."

His Honor, the Circuit Judge, properly refused to sustain the first ground of the demurrer for the reason that the parties in whose favor the judgment was recovered are presumed to be the owners thereof until the contrary is made to appear. This objection should be interposed by the defendant as a defense, in which the facts should be alleged showing that the party in whose favor the judgment was recovered was not the legal owner of the same.

The second ground was also properly overruled. In the case of *Ketchin* v. *McCarley*, 26 S. C., 1, the Court uses this

language: "The jurisdiction of a court of equity to prevent as well as to remove a cloud upon the title to real property seems to be well settled. High on Injunctions, sec. 269. In the next section, the writer proceeds to say: 'It is difficult to establish any exact test which will be applicable in all cases to determine what constitutes such a cloud upon title as to authorize a court of equity to interfere for its prevention. It has been held, however, that if the sale, which it is sought to restrain, is such, that in an action of ejectment brought by the purchaser under the sale, the real owner of the property would be obliged to offer evidence to defeat a recovery, then such a cloud would be raised as to warrant the interference of equity to prevent the sale.' " In commenting on the cases of *Green* v. *Bank,* 10 Rich. Eq., 27, and *Wilson* v. *Hyatt,* 4 S. C., 369, the Court proceeds as follows: "In the former, the question here presented does not seem to have been considered, and in the latter, the parties asking for the injunction claimed a naked legal title, in which there was no *apparent* defect, and upon which there was no *apparent* encumbrance, for their title was prior in date to the judgment under which it was proposed to sell the land." The foregoing case is cited with approval in *Vesta Mills* v. *City Council,* 60 S. C., 1. If there had been an allegation in the complaint that the decree was cancelled of record when the land was sold and bought by the defendant, then this would have shown that there was not a judgment *apparently* binding the property, and *apparently* sufficient to support the title of a purchaser thereunder. When the judgment shows upon its face that it is ineffectual to confer a valid title on the purchaser, equity will not interfere, but such are not the allegations in this case.

It will be seen by reference to the 5th paragraph of the complaint that the third ground of the demurrer was urged under a misapprehension of the facts alleged.

The fourth ground of the demurrer is disposed of by what was said in considering the second ground.

There are other questions raised by the exceptions,

but as the Circuit Court was not requested to rule, and did not rule upon them, they are not properly before this Court for consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.